UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
JOHN PAULOSE

                                                    COMPLAINT

                                                    05 CV 9353
                                                    JUDGE COTE
                                                    ECF CASE

                                                    JURY TRIAL
                                                    DEMANDED

                              Plaintiff;
                v.


NEW YORK CITY DEPARTMENT OF EDUCATION
                              Defendant.
-----------------------------------------X

### NATURE OF COMPLAINT

1. This complaint is to preserve and vindicate the rights of the
   plaintiff under Title VII of the Civil Rights Act of 1964, as
   amended 42 U.S.C. 2000e et. Seq. ("Title VII"); the New York
   State Human Rights Law; and the New York City Human Rights
   Law, New York City Administrative Code 8-01 et seq.


### JURISDICTION AND VENUE

2. In this action for declaratory, injunctive and monetary
   relief, the jurisdiction of this court is invoked pursuant to
   28 U.S.C 1331, conferring original jurisdiction upon this
   court over any civil action to recover damages or to seek

equitable relief  under any act of Congress providing for the protection of civil rights;

3. Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events, circumstances and occurrences giving rise to plaintiffs' claims have occurred or had their effects in this District.

5. Prior to filing this federal action, plaintiff served this complaint, by mail, on the New York City Commission on Human Rights and the Corporation Counsel of the City of New York pursuant to 8-502(c) of the City HRL.

**PARTIES**

6. Plaintiff, John Paulose, is a citizen of the State of New York and is Asian of East Indian national origin. He was employed by the New York City Board of Education as a math/science teacher at CIS #339 Middle School located at 1600 Webster Avenue in the Bronx from June, 2003 through April, 2004.

Before joining the New York City Department of Education and becoming a certified teacher in the State of New York, the Plaintiff received a B.S. from SUNY Albany in 2001 along with a Masters degree in Economics. Thereafter, he obtained his Master's degree in Education at Mercy College while teaching at CIS #339. He is also the author of an article titled "*Revisiting the Asian Financial Crisis*" which is to be published in the New York Economic Review.

7. Defendant New York City Department of Education (the "Department") is, pursuant to the laws of the State of New York, the newly formed official body charged with the responsibility for developing policies with respect to the administration and operation of the public schools in the City of New York. See, e.g., N.Y. Educ. Law §§ 2590, 2590-g. The Department is the successor in interest to the New York City Board of Education. The Department receives federal financial assistance. The principal office of the New York City Department of Education is located in this District.

## FACTUAL BACKGROUND

8. In January 2004, the Plaintiff learned from the Assistant Principle that acts of molestation and discrimination were

occurring at CIS #339 with no acknowledgement or intervention by the leadership of the school.

9. The Plaintiff informed the New York City Department of Education administration by email of these acts and called for an internal investigation to be conducted.

10. No action was taken by the Respondent and as a result, the Plaintiff suffered retaliatory treatment from the Defendant by receiving unwarranted "unsatisfactory" ratings, harassment, orders to cease teaching and work in the Main Office and racial insults.

11. The Plaintiff made direct appeals to upper management within the New York City Department of Education regarding the discrimination and retaliation he endured by the Defendant. No action was taken and as a result, Plaintiff was a victim of retaliation and racial discrimination.

12. On October 10, 2003, Plaintiff was observed by the principal, Mr. Charles Randina, and received an "unsatisfactory" rating. This report, conducted by Mr. Randina, was without any pre-observation conference as required by the United Federation of Teachers ("UFT") guidelines.

Additionally, the purpose of these reports, which is to benefit the teachers and ultimately the education of the students, was ignored by the staff and used as a weapon to wrongfully discontinue the Complainant. Moreover, in support of the Complainant, Mr. Randina stated during the post observation conference that "the class was quiet and attentive.  They were in order throughout the lesson. You gave a 10 minute presentation and then circulated around the room and worked with small groups, as per the workshop model."

13.  Mr. Randina found the lesson to be unsatisfactory for such arbitrary and capricious reasons such as: 1) the aim of the class written on the board was not prefaced with "By the end of the period…;" 2) the Complainant did not draw enough on real life experiences related to factors and multiples; 3) students were not constantly praised when they answered a question.

14.  On December 2, 2003, Plaintiff was observed by his direct supervisor, the 6th grade Assistant Principal, Mr. James Williamson, and received a "satisfactory" rating. This report is in direct contradiction to the findings in Respondent's position statement and then Principle Randina's observation

reports stating that the Complainant was terminated due to his ineffective teaching ability.

15.   The December 2, 2003 report stated that "the lesson was well paced, you exhibited adequate levels of empathy; and some elements of an excellent lesson were evident." The report also stated that the Plaintiff "facilitated guided illustrations, explanations to the class, and randomly called on students to assess their understanding. [Mr. Paulose] was very detailed and clear on your presentation of solving and completing the problems for the class."

16.   The Defendant unfairly and unreasonably conducted two hasty Observation Reports in two consecutive days and forced Complainant to immediately resign following the Plaintiff's complaints regarding the illegal conduct taking place at CIS #339.

17.   On January 29, 2004, Plaintiff was observed by Mr. Randina and received an "unsatisfactory" rating. After the observation, Plaintiff was informed that the 8th grade Assistant Principal, Mrs. Daisy Altreche, would observe him the following day.

18.  On January 30, 2004, Complainant was observed and received an unsatisfactory rating by Mrs. Altreche.  Later that day, the Complainant was called into Mr. Randina's office along with his union chapter leader, Mr. Bob Levine, and was told that it would be in his best interest to resign, go to the Region One Office and ask for a position at another school or face termination.

19.  The Plaintiff, fearful for his safety and future, and under complete duress and coercion, offered his resignation on January 30, 2004, citing "family problems." Mr. Randina drafted the letter of resignation himself, illegally dated the letter January 22, 2004, and shouted to the Complainant to "sign it." Later that day, after contemplation, the Complainant rescinded the letter of resignation by writing a letter to the chapter leader, payroll secretary and principal.

20.  Plaintiff filed detailed and timely grievances in response to the two unsatisfactory observation reports, and the letters from Mr. Randina recommending discontinuance of probation and directing the Plaintiff to cease teaching.

21.  The Plaintiff, for the next three months, endured verbal threats and received news articles in the mail at his home

pertaining to the outsourcing of jobs to India and Indian Americans going back to India for work from Mr. Bob Levine, the UFT representative assigned to protect the Plaintiff's rights.

22.  Plaintiff has allegedly been blacklisted and removed from the database of teachers in the New York City Department of Education.

23.  On September 30, 2004, Principle Dr. David Morris of Beach Channel High School wrote a letter to the Personnel Liason of Region 5 nominating the Plaintiff for a position as a math teacher.  The staff at Beach Channel High School offered the position to the Plaintiff after observing him conduct a lesson to asses his teaching abilities.  However, when the nomination letter reached the Regional Office they denied him the position due to the fact his probationary period was discontinued and his records could not be located.  After informing Beach Channel High School, their staff contacted both CIS #339 and the Superintendent to remedy the situation.  Nevertheless, the Plaintiff could still not be hired due to their inability to locate the proper records, which should have been timely produced by CIS#339, but never were.

8

24.  Plaintiff's Annual Professional Performance Review and Report on Probationary Service of Pedagogical Employees ("Annual Review") was never signed by the Plaintiff.

25.  Plaintiff's satisfactory review was suspiciously omitted from the Annual Review. Mr. Randina's assessment of the Plaintiff and his teaching abilities directly contradict the positive observation report conducted by Assistant Principle Williamson and numerous personal letters written by students at CIS #339 in vociferous and heartwarming support of Mr. Paulose.

## COUNT I- Violations of Title VII of the Civil Rights Act of 1964

26.  By the conduct alleged in paragraphs 1 to 24, defendants have discriminated against the Plaintiff based on his race by conducting observation reports in violation of established policies, forcing his resignation, sending him racist articles, and demoting him to perform duties not in accordance with his position as a teacher, specifically, janitorial tasks such as cleaning out and dusting closets and arranging files

in the front office. These actions are in violation of 42 U.S.C. §2000e-2.

27.  By the conduct alleged in paragraphs 1 to 24, defendants have limited, segregated and classified their employees in a manner that deprives and tends to deprive individuals of employment opportunities and adversely affects their status as employees because of his race, in violation of 42 U.S.C. §2000e-2.

28.  By the conduct alleged in paragraphs 1 to 24, defendants have retaliated against Plaintiff for opposing unlawful actions and discrimination and the ongoing discrimination against him, in violation of U.S.C. §2000e-3.

## COUNT II- Violation of New York State Human Rights Law NY Exec. Law §296.

29.  By the conduct alleged in paragraphs 1 to 24, defendants have discriminated against the Plaintiff based on his race by conducting negative observation reports in violation of established policies, forcing his resignation, sending him racist articles, demoting him to perform duties not in

accordance with his position as a teacher, and removing him from the database of teachers in the New York City Department of Education, in violation of NY Exec. Law §296.

30. By the conduct alleged in paragraphs 1 to 24, defendants have retaliated against Plaintiff for opposing unlawful actions and discrimination and the ongoing discrimination against him, in violation of NY Exec. Law §296.

## COUNT II- Violation of New York City
## Human Rights Law N.Y.C. Admin Code §8-101

31. By the conduct alleged in paragraphs 1 to 24, defendants have discriminated against the Plaintiff based on his race by conducting negative observation reports in violation of established policies, forcing his resignation, sending him racist articles, demoting him to perform duties not in accordance with his position as a teacher, and removing him from the database of teachers in the New York City Department of Education, in violation of N.Y.C. Admin Code §8-101.

32. By the conduct alleged in paragraphs 1 to 24, defendants have retaliated against Plaintiff for opposing unlawful

actions and discrimination and the ongoing discrimination against him, in violation of N.Y.C. Admin Code §8-107.

**PRAYER FOR RELIEF**

33. WHEREFORE, the plaintiffs request that this Court grant the following relief:

    a. Declaring that the defendants violated the plaintiffs' rights as set out in the causes of action herein;

    b. Ordering injunctive relief including, but not limited to, (a) directing the defendants to expunge all "unsatisfactory" observation reports and disciplinary information relating to this incident; (b) ordering defendants to place plaintiff back on the database of teachers in the NYC Department of Education; (c) ordering the Department of Education to adopt rules and regulations and to train school personnel to address discrimination and retaliation; and (d) granting any other injunctive relief the Court deems appropriate;

    c. Awarding the plaintiffs compensatory damages;

d. Awarding the plaintiffs punitive damages;

e. Awarding the plaintiffs attorneys' fees as well as costs and disbursements incurred in this action as authorized by 42 U.S.C. § 1988; and

f. Granting plaintiffs such other and further relief against defendants as this Court may deem just and proper.

**JURY DEMAND**

33. Plaintiffs demand trial by jury of any and all issues properly triable by jury in this action.

Dated: New York, New York
September 27, 2005

**MANCHANDA LAW OFFICES**

By_____
Rahul Manchanda, Esq.
14 Wall Street, 20th Floor
New York, New York 10005
(212) 618-1830